IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CONSTANCE JOY SIMMONS                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:13-CV-00188-SA-SAA

CATERPILLAR, INC.                                                         DEFENDANT

<u>MEMORANDUM OPINION</u>

This cause comes before the Court on Defendant's Motion to Partially Dismiss Plaintiff's Amended Complaint [17]. Plaintiff is *pro se* and has not responded to Defendant's Motion. Upon due consideration of the motion, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Using the Court's form complaint, Plaintiff Constance Simmons brought this action alleging that Defendant Caterpillar, Inc. harassed, fired, and retaliated against her because of her race, color, sex, age, and complaints of discrimination. Simmons attached a Notice of Right to Sue issued by the Equal Employment Opportunity Commission to her Complaint. Following Caterpillar's Motion to Strike and/or Dismiss Complaint or in the Alternative for More Definite Statement [8], the Court found that Simmons had inadvertently omitted the last two pages of her Complaint [4] and allowed her to supplement by filing the missing pages in the form of an Amended Complaint [16].

In addition to the previously omitted pages, Simmons' Amended Complaint also contains new allegations that Caterpillar discriminated against Simmons because of her religion, national origin, and disability. Caterpillar has now filed a Motion to Partially Dismiss Plaintiff's Amended Complaint [17] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),

arguing that Simmons failed to exhaust her administrative remedies as to her claims based on color, religion, national origin, age, and disability and that these claims are therefore barred.

*Legal Standard*

When, as in the case at bar, "a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion," the Fifth Circuit has held that "courts must consider the jurisdictional challenge first." McCasland v. City of Castroville, Tex., 478 F. App'x 860, 860 (5th Cir. 2012) (citing Wolcott v. Sebelius, 635 F.3d 757, 762 (5th Cir. 2011); Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." Id. at 860-61 (citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam); Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).

Further, the Fifth Circuit has held that exhaustion of administrative remedies is a jurisdictional issue to be determined prior to addressing the merits of such claim. See Filer v. Donley, 690 F.3d 643, 647 (5th Cir. 2012) (holding Title VII plaintiff's alleged failure to exhaust administrative remedies to be a jurisdictional issue); Pacheco v. Mineta, 448 F.3d 783, 795 (5th Cir. 2006) (affirming dismissal of plaintiff's Title VII claim under 12(b)(1) because of plaintiff's failure to exhaust administrative remedies); Tolbert v. United States, 916 F.2d 245, 249 (5th Cir. 1990) (holding that district court has no jurisdiction over Title VII claim where plaintiff failed to exhaust administrative remedies).

When considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp., 757

F.3d 481, 483 (5th Cir. 2014) (citation omitted). The party asserting jurisdiction carries the burden of proof for a Rule 12(b)(1) motion. Ramming, 281 F.3d at 161.

*Analysis and Discussion*

In support of its Motion to Dismiss, Caterpillar offers an EEOC charge filed by Simmons in January 2013.[1] The charge contains the following allegations:

> I have been subjected to a hostile work environment by male coworkers in that they attempted to make my job difficult. Also, in this past, I was subjected to racial slurs by a White coworker. In March 2012, Mike Stafford, a Black coworker asked me to go out of town with him but I told him no. He also constantly came to my work area to see me and I told my supervisor that I felt uncomfortable because of his actions. In about May 2012, I complained to James Butler, supervisor regarding the hostile work environment however the harassment continued. Further, on January 2, 2013, I was notified that I was terminated.
>
> I received a separation notice that stated that I was discharged in violation of company policy. Mr. Nixon, a Security Guard told me that I was discharged because I threatened an employee and Julie Nitz, Human Resources told me that I was discharged for bad behavior.
>
> I believe that I have been discriminated against because of my sex, female, race, Black in retaliation for complaining of unfair employment practices because I was the only Black, female and White, females were not subjected to harassment. The male employees who harassed me were not disciplined. Also prior to my discharge I was never reprimanded regarding my performance.

Under the section of the charge titled "Discrimination Based On," Simmons checked the boxes for race, sex, and retaliation.

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008) (citations omitted). Similarly, "an employee must comply with the [Americans with Disabilities

---

[1] The EEOC charge offered by Caterpillar is dated January 29, 2013. In her Complaint, Simmons claims she filed charges with the EEOC on or about January 15, 2013. Whereas Simmons has not responded to Caterpillar's motion and the Court has before it no evidence that more than one charge was filed in this matter, the Court analyzes Simmons' claims pursuant to the EEOC charge dated January 29, 2013.

3

Act]'s administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA," Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996), and "[a] plaintiff suing for age discrimination must file a timely administrative charge with the EEOC as a precondition to filing her lawsuit." Garrett v. Judson Indep. Sch. Dist., 299 F. App'x 337, 343 (5th Cir. 2008) (citing 29 U.S.C. § 626(d) ("No civil action may be commenced ... until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC]. Such a charge shall be filed ... within 180 days after the alleged unlawful practice occurred ...")).

The Court is to interpret what is properly embraced in review of a Title VII claim "somewhat broadly" and not solely by the scope of any previously filed administrative charge itself, but by "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination.'" Pacheco, 448 F.3d at 789 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970)); McClain, 519 F.3d at 274–75 ("[T]he 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

In her EEOC charge, Simmons makes no allegation of any discriminatory act or behavior based upon her religion, national origin, age, or disability. Indeed, Simmons provides no information whatsoever relating to any of these protected characteristics beyond listing her birthdate on the charge. Thus, it could not "reasonably be expected" for these claims "to grow out of" the EEOC charge filed and these claims are due to be dismissed. However, the same cannot be said for Simmons' claim of discrimination based on her color. "[A] Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'" Id. at

273. Though Simmons failed to check the box next to "Color" on the EEOC charge, the narrative summary she provided includes sufficient allegations regarding alleged harassment based on her skin color as to prevent dismissal of her color discrimination claim.

*Conclusion*

Accordingly, the Court finds that Caterpillar's Motion to Partially Dismiss Plaintiff's Amended Complaint [17] is GRANTED IN PART and DENIED IN PART. Simmons' claims for discrimination based on religion, national origin, age, and disability are hereby dismissed without prejudice. A separate order to that effect shall issue this day.

SO ORDERED on this, the 24th day of September, 2014.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE