IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CONSTANCE JOY SIMMONS               PLAINTIFF

V.             CIVIL ACTION NO. 1:13-CV-00188-SA-SAA

CATERPILLAR, INC.                 DEFENDANT

MEMORANDUM OPINION

This cause comes before the Court on Plaintiff's Motion to Appoint Counsel, or in the Alternative, to Dismiss [28]. Defendant has responded to Plaintiff's motion, objecting in part and acquiescing in part. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Constance Simmons brought this action alleging that Defendant Caterpillar, Inc. harassed, fired, and retaliated against her because of her race, color, sex, age, and complaints of discrimination. Following Caterpillar's Motion to Strike and/or Dismiss Complaint or in the Alternative for More Definite Statement [8], the Court found that Simmons had inadvertently omitted the last two pages of her Complaint [4][1] and allowed her to supplement by filing the missing pages in the form of an Amended Complaint [16].

In addition to the previously omitted pages, Simmons' Amended Complaint also contained new allegations that Caterpillar discriminated against Simmons because of her religion, national origin, and disability. Caterpillar filed an Answer [19] and a Motion to Partially Dismiss Plaintiff's Amended Complaint [17]. The Court granted Caterpillar's motion with regard to Simmons' claims for discrimination based on religion, national origin, age, and

---

[1] Simmons instituted this action using the Court's form Complaint.

disability but denied the motion with regard to Simmons' claim for discrimination on the basis of color.[2]

Simmons then filed a Notice of Withdrawal [28], requesting the Court appoint an attorney to represent her in this matter and stating her desire to "withdraw the complaint filed against Caterpillar Inc." should the Court deny her request for an attorney. Caterpillar filed a response stating that it does not oppose Simmons' attempt to voluntarily dismiss this matter but objecting to Simmons' request for appointed counsel.

*Voluntary Dismissal Standard*

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may only unilaterally dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or by filing "a stipulation of dismissal signed by all parties who have appeared." Therefore, the Court analyzes motions to dismiss filed after service of either an answer or summary judgment motion pursuant to Rule 41(a)(2). See FED. R. CIV. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "Unless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." Id.

Although the Court may not grant a dispositive motion merely because it is unopposed, see L.U.CIV.R. 7(b)(3)(E) ("If a party fails to respond to any motion, *other than a dispositive motion*, within the time allotted, the court may grant the motion as unopposed.") (emphasis added),[3] the Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other

---

[2] Caterpillar did not move for dismissal of Simmons' claims for retaliation or for discrimination based on race and sex.
[3] See also Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (noting that the Fifth Circuit has not approved automatic grant of dispositive motions for failure to file a response).

2

than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

*Analysis and Discussion*

There is no automatic right to counsel in Title VII cases. Caston v. Sears, Roebuck and Co., 556 F.2d 1305, 1309 (5th Cir. 1977). Instead, a plaintiff may receive appointed counsel "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). In making this determination, the district court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." See Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). No one factor is conclusive. Id.

The Magistrate Judge assigned to this matter considered the factors outlined in Gonzalez and denied Simmons' first request for appointed counsel [1], determining that, although Simmons appeared to be financially unable to employ counsel on terms other than a contingency fee contract, the Court was unable to determine Simmons' likelihood of success on the merits due in part to the Equal Employment Opportunity Commission's ("EEOC") failure to complete its investigation and/or to reach a conclusion as to her claims. Additionally, the Magistrate Judge found that Simmons' failure to secure counsel, despite numerous attempts, weighed against the merits of her claims.

Simmons' second request for appointment of counsel indicates that she remains financially unable to employ an attorney but contains no new information as to any further attempts to retain counsel or to support the merits of her claims.[4] Accordingly, the Court finds

---

[4] Simmons alleges in the instant motion that the EEOC failed to reach a conclusion with regard to her claims because she was advised by an attorney to seek a right to sue letter before the EEOC completed its investigation. However, this information does not assist the Court in determining Simmons' probability of success on the merits.

the appointment of counsel unwarranted in the present case. However, the Court finds Simmons' request for dismissal without prejudice to be well taken and the same is hereby GRANTED.

*Conclusion*

Accordingly, Plaintiff's Motion to Appoint Counsel, or in the Alternative, to Dismiss [28] is DENIED IN PART and GRANTED IN PART. The Court finds that Plaintiff is not entitled to court-appointed counsel. However, Plaintiff's request for alternative relief is well taken and her claims are hereby dismissed without prejudice. A separate order to that effect shall issue this day.

SO ORDERED on this, the 12th day of November, 2014.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

Indeed, Simmons stated in her first motion for appointed counsel that the attorney in question refused to represent her after reviewing the EEOC's investigation file.